21-2447-cv

*J.S. v. New York State Department of Corrections and Community Supervision*

JOSÉ A. CABRANES, *Circuit Judge*, concurring:

I join the judgment of the Court. Plaintiff-appellant J.S. prevailed on claims he brought on his own behalf under the Individuals with Disabilities Education Act (the "IDEA"). He now seeks attorneys' fees under the IDEA as a "prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I) ("In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability."). I write merely to indicate that, in my view, the simplest disposition of this case would be to hold that J.S. can seek attorneys' fees under the IDEA because the Supreme Court "conclude[d]" in *Winkelman ex rel. Winkelman v. Parma City School District* that the "IDEA does not differentiate, through isolated references to various procedures and remedies, between the rights accorded to children and the rights accorded to parents." 550 U.S. 516, 531 (2007); *see id.* at 530 (citing the IDEA's attorneys' fee provision as evidence that there is "little support for the inference that parents are excluded by implication whenever a child is mentioned, *and vice versa*" (emphasis added)).